I'd like to reserve two minutes for rebuttal and I heard your admonition earlier so I'll keep my eye on the clock. DeMond Williams donning a mask and with a black hood over him and brandishing a gun entered a bank and with his co-defendant ordered all of the customers on the ground, robbed the bank and then robbed a customer who was there waiting to make a deposit. One of the tellers was so frightened by this conduct that she actually fainted after the robbers left the building. Williams's properly calculated guideline range for this offense and his role in it was 41 to 51 months in prison. The district court in this case imposed a 15 month sentence. That sentence was unreasonable for two reasons. First, in weighing the factors under 18 U.S.C. 3553A, the district court vastly undervalued the seriousness of this violent crime and Williams's role in it. Secondly, in arriving at this drastically reduced sentence, the district court accorded great weight to certain characteristics of the defendant such as his age and his education that on this record provided scant justification for the drastic deviation from the properly calculated guideline range. Well, let me ask you this. You've got a number of factors set out in the statute that is the controlling statute. Correct. And isn't it the task of the judge to look at those factors and combine them? There's no formula that says how they should be combined. That's the work of the judge. You didn't like it, but he came to that result. And I don't see how you can show he was wrong. Well, Your Honor, I think that the Booker decision, which is the controlling authority for this Court, determined that sentences may be appealed. It may, but the statute is the controlling authority for this Court. That's correct, Your Honor. I'm looking at a statute, and there's nothing in that statute that tells me that a particular mix goes into valuing those factors. I think that's true, Your Honor. However, I think there's one point that's missing in the analysis, which is the only reliable benchmark, at least from our perspective, is the calculation of the guideline sentence. Well, the guidelines are no longer mandatory. That's correct, Your Honor. You cannot rely on them as though we were still in the pre-Booker era. I agree with you, Your Honor, that you cannot rely on them as if they were mandatory. Booker, however, specifically, the remedial decision in Booker specifically instructed that the district courts should not only calculate the guideline range, but also consider the guideline range in imposing sentence. I'm sure the judge did. Well, actually, Your Honor, I'm not sure that the sentence that's the sentence that was ultimately proposed in this particular case reflects that the Court did take into account the seriousness of the offense. A very experienced district judge, he knows what the guidelines say, and then he makes his own judgment. I mean, the U.S. attorney doesn't like it, but you ought to just go on. I mean, it's just amazing that you're here appealing, frankly. Well, Your Honor, I think that looking at this particular sentence, there's a couple of different factors that are a problem. One is that I think that the other circuits, this circuit has not specifically addressed this question, but other circuits have said that the proper benchmark is the guidelines for determining whether or not a sentence is reasonable. Drastic deviations. The more drastic the deviation from the guideline sentence, the more the reasons offered by the court. I know you'd like to get back to the guidelines, but the Supreme Court has told us, forget it. No, they haven't, Your Honor. Well, they're not mandatory, so we shouldn't treat them as though they were mandatory. But, Your Honor, with all due respect, taking the Court's perspective on this, taking the guidelines as if they were advisory and therefore should not, and I think the Court's perspective is that they are not. They are not without impact and importance in imposing a sentence. And I think that this particular sentence that was imposed does not reflect the seriousness of the offense because it did not reflect what the Sentencing Commission and also what years and years and years of sentencing regarding a sentence of armed robbery, what the type of sentence that should be imposed was taken into consideration. Wasn't this also the ultimate sentence? Wasn't it the recommendation of the probation office? Yes, it was, Your Honor. And actually ---- I have a follow-up from that. And this is the local U.S. probation office here in the Northern District. Yes, it was. It itself processes thousands of criminal cases. And their report reported what the guideline range was under the advisory guidelines and then recommended to the district court that its sentence, 15 months plus, was three years of supervised release and some home detention. So can we take into consideration that this wasn't the judge just flying off the handle? The judge is following the recommendation of the professionals at the probation office. Well, I think, Your Honor, I'd like to make two points with regard to that. The first is ---- Can we take that into consideration? That's my first question. I think that the Court can take the fact that this was a recommendation by the probation office into consideration, certainly. And this district court, I think, not only took it into consideration, it actually adopted the recommendation of the pre-sentence report writer. Wasn't the judge who just adopted it without thinking or without saying much? I mean, he made a fairly extensive explanation of his reasons for accepting with the probation. And he recognized that this was a significant deviation from the guidelines. And he said, I don't think this could be justified under the guidelines. But here's why I think we should do it differently. So you had two, you know, you had a very experienced probation office making this rather unusual recommendation, and then a district judge who's not exactly soft-hearted or soft-headed in general, you know, saying, well, it's certainly different, but upon carefully reviewing it, here are the reasons I'm doing it. Right or wrong, they both seem to have followed the procedure and been thoughtful about it. Well, I don't have any disagreement, Your Honor, that both the probation office and the court here followed the procedural aspect of the requirement under Booker and under the statute. It was a properly calculated guideline range that was rejected. The proper consideration was given to the fact that it was a substantial deviation. The court did, I agree with you, consider the 3553a factors. But I don't think that this Court's analysis or its review of the sentence stops there. All the other circuits that have looked at this question recognize that there's two types of review of the sentence for unreasonableness. The first is a procedural unreasonableness, which is exactly what we just discussed. The second is a more substantive, Your Honor. Is it abuse of discretion? In our view, Your Honor, it's a little bit more than abuse of discretion, because the court has to look at the 3553a factors as well to make a determination as to whether or not ultimately. If it's not abuse of discretion, what is the standard? The only thing that was described in Booker was that the standard of review was for unreasonableness. It did not describe it as being abuse of discretion. It did not talk about necessarily any deference to the district court. Kennedy. And what do you want us to do in general? This is one case, but there are going to be lots of others. Well, actually, Your Honor, I think that the most important aspect of the review of this Court is that the further the deviation from the guideline range, which we believe is at least a benchmark, not mandatory, advisory, but a benchmark from which to judge the reasonableness of a sentence, the further the deviation from that particular benchmark, whether it's higher or lower, the more the Court has to take a hard look at the justification for that particular deviation. And we think that if the Court looks at the other side of that, it's going to be a little bit more difficult to judge the other side of that. I think that, look, do we say, you know, courts, appellate courts, for some strange reason that I'm not sure I understand, are very excited about saying it's either abuse of discretion, or we review it de novo, and we find it unreasonable. That's our opinion. We substitute ours for the district court. Or we say we only reverse when there's this abuse of discretion. Do you say we should not apply any of those standards, but just look at it anew and say how unreasonable is it?  I don't think that there's been the guidance in the other circuits has not been entirely clear on whether or not it's an abuse of discretion or another type of review. And the Booker guidance did not identify whether or not it was abuse of discretion. Excuse me, Your Honor? What's the other type of review? The only type of review that was identified was review for unreasonableness, which the Booker Court indicated was a review that was implicated. Is that de novo review? I don't think it is de novo review, because I do think that there is an aspect of the court's sentencing that cannot be reviewed de novo, and that is there is an aspect of the defendant's demeanor, acceptance of responsibility, those aspects which the court can only look at. You don't face the defendant yourself. Is there a type of review that sort of we're going to create a new standard of review? I think the Supreme Court created the new standard, Your Honor. In fact, they referred to it as a new standard for unreasonableness. So you would like us to adopt a rule that says the standard of review for this is this Court's view of what's reasonable and unreasonable? Guided, Your Honor, as the Booker remedial decision says, guided by the factors that are outlined in 3553a. Sure. Of course. Yes. Okay. So as Judge Newman said a minute ago, you want us to apply. You said create. You say it's not we're not creating it. But you want us to apply a third standard of review, which is how we view the reasonableness of the sentence. It's, Your Honor, it's not how necessarily how you, well, yes, in the sense that looking at the 3553a factors, substantively, is this sentence adequately justified by the reasons that the district court has reviewed? In what way, then, do we give what the district court concluded? You give some way to the district court's conclusion. But in this particular case, the reasons that the Court gave were not adequately supported by the record and, in our view, would not justify such a vast deviation from the guideline range. Thank you. Thank you. Good afternoon. May it please the Court. I'm Arthur Wachtell on behalf of the appellee. I think what this case is about is the difference between a direct appeal and a de novo proceeding. And I would agree that there can be a fine line when you're reviewing a discretionary act of a district judge, particularly when it comes to a sentence choice. But still, there is a line, and I think the government has attempted to and, in fact, has crossed it. They don't present a legal issue. Instead, they're trying to re-argue the facts. They're seeking de novo review. The district judge followed the law of this circuit. How do you decide if your problem is to decide whether something is reasonable? How do we decide that? When you say that we shouldn't do a de novo, what standard should we apply to determining whether something is reasonable? I think that the recent case in this circuit, Manyweather, announced that the standard of review is abuse of discretion in reviewing whether or not a sentence is reasonable. Now, there can, before you get to the reasonable review under the abuse of discretion standard, be legal error. Legal error would occur where the judge either did not correctly calculate the guidelines or, in fact finding, made a mistake or clearly exercised bad judgment. But unless you have a legal error and you kick into the review of the reasonableness of the sentence. So you have a reasonable error in this context? The error would have to be a mistake of law, mistake of fact, or judgment that on its face is clearly erroneous. Suppose the district court here had given your client one month. Would that be reasonable? It would. For this crime? It would depend on what the judge articulated. Exact same facts. Same robbery, same everything, only the judge says one month. Would that be reasonable? Well, I – An armed bank robbery? Probably not. How about two months? Probably not. You know where I'm going? Yes, of course. Okay. Well, at what point does it become reasonable or unreasonable? Six months? Six and a half months? I think the good news is we only have to decide this case. And I say that in all seriousness. These are very difficult cases. This judge sees more bank robberies than everybody in this courtroom. What you're telling me is if the ratio between the actual sentence and the midrange of the guidelines was a factor of 10X, that would be unreasonable. I know that – In other words, if the judge gives a sentence that is 10 times less strong, 10 times weaker, 10 times lower than the midrange of the advisory guidelines, that might be unreasonable in your view. I think my – This one, which is 3X, is not. I think my view would be that you cannot have a formula. And the circuits have said there is no magic formula. We're all searching for a standard. Is the standard what Judge Hawkins would give this defendant on this record? And if I would give this defendant 46 months, which would be the midrange of the guidelines, or 42 months or 50 months, anything other than what I would give this defendant is unreasonable? Is that the standard? I think the Manyweather Court announced that the standard is, in their words, this might not be the sentence we would impose, but that is not our function. And so long – Our function is to determine whether it was reasonable or not. And that is – And how do we do that? Determined on whether or not the judge made a legal error, which he did not hear, or whether or not the judge exercised – That's not really a question of reasonableness. That's a question – that's really another category when there's an error. Right. I mean, Judge Hawkins' questions are absolutely right, but it sort of goes to the heart of a lot of things we do. How do you decide whether something's reasonable? And how do you do it on review? I think that you would – The court also is limited to doing what's reasonable. I think in this context, I would be looking to see whether or not the district court analyzed the case properly under the 355-3A factors. And I think here the court did that, and it did that in a very thorough and convincing way. But he could as easily have used his reasoning to come up with the sentence Judge Hawkins talked about, with a one-month sentence. Or he might even, using this very reasoning, have said what courts used to do all the time. Say it's the first offense, he's got a perfect record, he's the kind of person who made a terrible mistake. We ought to put him on probation and see if it works. That would not be such an unreasonable position, although you've said that it would be. But certainly the reasoning that Judge Walker used and the fact that he thought sending him to prison might do what it's done to a lot of people, turn them into real criminals, instead of rehabilitating him on the outside with adequate supervision. And he said he made a stupid mistake that's totally out of character. And if we treat him with leniency, he's likely not to do it again. He'll learn. He'll learn the right lessons this way. And how do you know whether that's reasonable or unreasonable? I mean, to me, that seems perfectly reasonable. To the U.S. Attorney, it doesn't seem reasonable. Those are both legitimate points of view. They reflect different attitudes about the justice system, about punishment. Now, we're limited by the factors that Congress says we have to consider. So I guess, how do you know whether a six-month, ten-month, 15-month sentence is consistent with those factors or not? How do we find that out? I think we look to the 3553A factors. And here the judge said in the transcript that balancing the seriousness of the crime with the history and characteristics of the defendant, it was a close call in his mind. But the judge, because of the unique combination of factors, and he indicated that this made the bank robber completely atypical, found that the history and characteristics of the defendant predominated. That's fine. Let's assume we agree with that. But then you take Judge Hawkins' hypotheticals. And you say at some point where he says exactly the same things, but he has two lower sentences, it's unreasonable. Now, how in the world do you figure out what that point is? What tells you as an appellate court that one month is unreasonable or eight months is unreasonable or wherever this dividing line is? How does an appellate court come to that judgment, that X amount is unreasonable, Y amount is reasonable? I think it's whether the facts fit into the 3553A factors. And I think they do here in this case. And I think there were no facts argued. Why wouldn't they at three or four months? Judge Hawkins got you up that high. I don't know where he would have gotten you to before you stopped. I think because Why are the factors not under those factors? Wouldn't it be reasonable there? Because the judge felt that the crime was so serious that a significant period of incarceration was warranted. And the judge fixed it at about 15 months. And the judge decided that when someone has been on pretrial release for one year being supervised and then is going to be in prison for 15 months and then is going to get out and be on home detention for another six months followed by another two and a half years of supervised release that for a 20-year-old, five years under the criminal justice system supervision is probably enough. And because of the atypical factors, 41 months was not necessary. That was the reasoned and solid judgment of the district court. And I do want to point out that if you look at what the government is arguing here and we got a hint of it in their opening brief, it's a very fact-driven argument. And I have to say they waived all these arguments. None of these arguments were made in the court below. This business with the tattoos and the carjacking and the marijuana use and changing colleges, none of that was argued in the district court. And the district court, in fact, found to the contrary as to all of those. And now they tell you that we didn't reconcile the history and characteristics with the crime, but the judge did. His reconciliation was it's a close call, but the history and characteristics predominate. And I have to say, what does the government mean when they say in their reply brief that the defendant was no babe in the woods? I thought they were arguing that he was a babe in the woods and that's why he's Category 1. And I would suggest to this court that all of these arguments are really a request that this court engage in a de novo review. And I really think there's really a lot of mischief that can happen if this court announces that kind of standard. I would suggest we stick to the many-weather abuse of discretion. In the 28J letter we sent this morning, I cited the Smith case from the Fifth Circuit where they said someone looking at about 21 months and the judge went outside and gave him 60 months. And the Fifth Circuit said that there was a strong deference to the sentence imposed by the district court. Judge Walker sees a lot of these kinds of cases. So does the probation officer. He incorporated all of the remarks of the probation officer. Would it come to a different result if it were a newly appointed judge? I think that someone that becomes a district court judge on these facts hopefully would always reach the same result. Thank you, Kenneth. I may make a couple of points. The first is with regard to the many-weather case, I think it's inaccurate to say that the court decided what the standard of review is for reasonableness. The case in many-weather, the court was deciding whether or not the court had, it was a discretionary decision to depart from the guideline range. So it's still an application of the guidelines that the court was talking about. There was no extended discussion of what the standard of review is for reasonableness, the post-Booker analysis. Also, with regard to the Smith case that the defense counsel just referenced, I would note that in the Smith case, the court said if the court decides to impose a non-guideline sentence, the court should utilize the appropriate guideline range as the frame of reference, which is exactly what the government is arguing here. What does that mean? What do you mean it must do it as a frame of reference? The frame of reference, which is what we argue is that it should be at least the benchmark for what is a reasonable sentence, and therefore, deviation from it, the further the deviation from the guideline, properly calculated guideline sentence, the more justification you need from the district court for that action. And setting aside the guidelines, because I recognize that Judge Noonan is disturbed by our reliance upon the guidelines as the frame of reference, I can note that we did put in our brief that the average sentence for an armed robbery, excuse me, for robbery, not even an armed robbery, in the Ninth Circuit in 2003 and 2004 was around 63 months, which this would represent about 20 percent, 25 percent of that sentence, which is strikingly low. I think that's all the points I have, and unless the Court has further questions, we would ask that the Court reverse the district court's sentence in this case. Thank you, counsel. Thank you. Thank you both very much. The case just argued is submitted. Next case on the calendar is Miller v. CFTC. Thank you.
judges: Reinhardt, Noonan, Hawkins